

MURIEL GOODE-TRUFANT
*Acting Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

CLAUDE S. PLATTON
*Assistant Corporation Counsel*
Phone: 212-356-2502
cplatton@law.nyc.gov

July 16, 2024

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals
  for the Second Circuit
40 Foley Square
New York, New York 10007

Re:   *Srour v. New York City*
      Docket No. 23-7549

Dear Ms. Wolfe:

I write for defendants-appellants to advise the Court of the Supreme Court's order vacating the judgment in *Antonyuk v. Chiumento* 89 F.4th 271 (2d. Cir. 2024), and remanding for further consideration in light of the Supreme Court's recent decision in *United States v. Rahimi*, No. 22-915 (June 21, 2024). *See Antonyuk v. James*, No. 23-910 (July 2, 2024).

As we have argued (City Br. 21-32, Reply 3-14), this Court should resolve this appeal on jurisdictional grounds and not reach the merits of plaintiff-appellee Joseph Srour's challenge to the City's good-moral-character requirement for rifle/shotgun permitting. The City's jurisdictional arguments do not rely on *Antonyuk*.

The City's arguments on the merits also remain sound after the Supreme Court's order. The order is "not a final determination on the merits," *Tyler v. Cain*, 533 U.S. 656, 666 n.6 (2001), and does not preclude this Court from adhering to its original decision on remand, *see, e.g.*, *United States v. Lyle*, 919 F.3d 716, 726-27 (2d Cir. 2019). As the City's previous Rule 28(j) letter explained (ECF No. 61.1), the reasoning and holding of *Rahimi* are consistent with this Court's *Antonyuk* opinion, which remains highly persuasive precedent and supports the City's character requirement. *Rahimi* also confirms the requirement, enunciated in *Antonyuk* and elsewhere, that a plaintiff asserting a facial challenge to a firearm regulation must

show that the challenged regulation is invalid in all applications, which Srour has not shown here.

For these reasons and those stated in our briefs, this Court should reverse. However, defendants-appellants have no objection if the Court wishes to hold this case pending issuance of a new opinion on remand in *Antonyuk*.

Respectfully submitted,

MURIEL GOODE-TRUFANT
*Acting Corporation Counsel*
*of the City of New York*
Attorney for New York City and
Commissioner Edward A. Caban

By:  /s/ Claude S. Platton
Claude S. Platton
Assistant Corporation Counsel

cc: All counsel of record by ACMS